**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE BAXTER, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>PDD HOLDINGS INC. F/K/A PINDUODUO INC., LEI CHEN, JING MA, and JUN LIU,<br><br>   Defendants. | Case No. 1:24-cv-05653-PKC-CLP |
| MACOMB COUNTY RETIREE HEALTH CARE FUND, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>PDD HOLDINGS INC. F/K/A PINDUODUO INC., LEI CHEN, JIAZHEN ZHAO, JING MA, and JUN LIU,<br><br>   Defendants. | Case No. 1:24-cv-06881-PKC-CLP |
| JARED SHAW, Individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>   v.<br><br>PDD HOLDINGS INC. F/K/A PINDUODUO INC., LEI CHEN, JING MA, and JUN LIU,<br><br>   Defendants. | Case No. 1:24-cv-06950-JAM |

**MEMORANDUM OF LAW IN SUPPORT OF LINDSAY BYRON SMITH'S MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL**

Lindsay Byron Smith ("Smith") respectfully submits this memorandum of law in support of his motion pursuant to the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, *et seq.* (the "PSLRA") for an Order: (1) consolidating the above-captioned related actions; (2) appointing Smith as Lead Plaintiff under 15 U.S.C. § 78u-4(a)(3)(B); (3) approving Smith's selection of Glancy Prongay & Murray LLP as Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v); and (4) granting such other relief as the Court may deem to be just and proper (the "Motion").

## I.    PRELIMINARY STATEMENT

This is a class action on behalf of persons and entities who purchased or otherwise acquired the publicly traded securities of PDD Holdings Inc. f/k/a Pinduoduo Inc. ("PDD" or the "Company") between April 30, 2021, and September 12, 2024, both dates inclusive (the "Class Period").

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of class members—as lead plaintiff. See 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Smith is the "most adequate plaintiff" as defined by the PSLRA.

Smith believes that he is the "most adequate plaintiff" as defined by the PSLRA and should be appointed as lead plaintiff based on his financial losses suffered as a result of defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Smith satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other class members' claims and he is committed to fairly and

1

adequately representing the interests of the class. Thus, pursuant to the PSLRA's lead plaintiff provision, Smith respectfully submits that he is presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the class.

Additionally, Smith's selection of Glancy Prongay & Murray LLP as lead counsel for the class should be approved because the firm has substantial expertise in securities class actions, and the experience and resources to efficiently prosecute this action.

## II.    PROCEDURAL BACKGROUND

On August 13, 2024, Plaintiff Blake Baxter commenced a securities fraud class action against PDD and certain of its officers, captioned *Baxter v. PDD Holdings Inc.*, Case No. 24-cv-05653 (the "*Baxter* Action"). It is brought on behalf of all persons and entities that purchased or otherwise acquired PDD securities between April 30, 2021 and June 25, 2024, inclusive.

On September 30, 2024, Plaintiff Macomb County Retiree Health Care Fund commenced a substantially similar action, captioned *Macomb County Retiree Health Care Fund v. PDD Holdings Inc.*, No. 24-cv-06881 (the "*Fund* Action"). It is brought on behalf of persons who purchased or otherwise acquired PDD securities between April 30, 2021 and August 23, 2024, 2021, inclusive.

On October 1, 2024, Plaintiff Jared Shaw commenced a substantially similar action, captioned *Shaw v. PDD Holdings Inc.*, No. 24-cv-06950 (the "*Shaw* Action," and together with the *Baxter* Action and the *Fund* Action, the "Related Actions"). It is brought on behalf of persons who purchased or otherwise acquired publicly traded PDD American Depositary Shares between April 30, 2021 and September 12, 2024, inclusive.

### III.    ARGUMENT

#### A.    The Related Actions Should Be Consolidated

Consolidation pursuant to Federal Rule of Civil Procedure 42(a) is proper when actions involve common questions of law and fact. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Each of the Related Actions presents similar factual and legal issues, as they all involve the same subject matter and present the same legal issues. Each action alleges violations of the Exchange Act, each presents the same or similar theories for recovery, and each is based on the same allegedly wrongful course of conduct. Because these actions arise from the same facts and circumstances and involve the same subject matter, consolidation of these cases under Federal Rule of Civil Procedure 42(a) is appropriate.

#### B.    Smith Should be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the class—is the class member that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption in favor of appointing a movant as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interest of the class; or

> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Smith satisfies all of the PSLRA criteria and has complied with all of the PSLRA's requirements for appointment as lead plaintiff. Smith has, to the best of his knowledge, the largest financial interest in this litigation and meets the relevant requirements of Rule 23. In addition, Smith is not aware of any unique defenses the defendants could raise against him that would render him inadequate to represent the class. Accordingly, Smith respectfully submits that he should be appointed lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Smith Filed a Timely Motion

Smith has made a timely motion in response to a PSLRA early notice. On AUGUST 13, 2024, pursuant to Section 21D(a)(3)(A)(I) of the PSLRA, notice was published in connection with the first-filed action against the Defendants herein. *See* Declaration of Gregory B. Linkh ("Linkh Decl."), Ex. A. Therefore, Smith had sixty days (*i.e.*, until October 15, 2024) to file a motion to be appointed as lead plaintiff. As a purchaser of PDD securities during the Class Period, Smith is a member of the proposed class and has hereby timely filed a motion for appointment as lead plaintiff within sixty days of the notice, in compliance with the PSLRA. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

4

Additionally, as set forth in his PSLRA certification, Smith attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Linkh Decl., Ex. B. Accordingly, Smith satisfies the first requirement to serve as lead plaintiff for the class.

### 2.    Smith Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Smith believes that he has the largest financial interest among class members who filed timely applications for appointment as lead plaintiff and is presumed to be the "most adequate plaintiff."

Smith purchased PDD securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $16,428.94. *See* Linkh Decl., Ex. C. To the best of his knowledge, Smith is not aware of any other class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Smith believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3.    Smith Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d

Cir. 2001). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a). In making its determination that a lead plaintiff candidate otherwise satisfies the requirements of Rule 23, "typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination." *City of Monroe Employees' Ret. Sys. v. Hartford Fin. Svcs. Group, Inc*. 269 F.R.D. 291, 296 (S.D.N.Y. 2010). At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that they satisfy Rule 23's typicality and adequacy requirements. *Id*. at 296-97 (*citing In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Federal Home Loan Mortg. Co.*, No. 08-cv-7281, 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

### a)    Smith's Claims Are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Smith's claims are typical of the claims asserted by the proposed members of the class. Like all members of the class, Smith alleges that the defendants' material misstatements and omissions concerning PDD's business, operations, and financial prospects violated the federal securities laws. Smith, like all members of the class, purchased PDD securities in reliance on the defendants' alleged misstatements and omissions and were damaged thereby. Accordingly, Smith's interests and claims are "typical" of the interests and claims of the class.

6

### b)    Smith Is An Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe*, 269 F.R.D. at 297.

Smith has demonstrated his adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute this action, and his financial losses ensure that he has sufficient incentive to provide vigorous advocacy. *See* Linkh Decl., Ex. C. Moreover, Smith is not aware of any conflict between his claims and those asserted on behalf of the class. As such, Smith should be appointed as lead plaintiff.

### C.    The Court Should Approve Lead Plaintiff's Choice of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cendant*, 264 F.3d at 274. Here, Smith has retained Glancy Prongay & Murray LLP as lead counsel to pursue this litigation on his behalf and will retain the firm as the class's lead counsel in the event he is appointed lead plaintiff. Glancy Prongay & Murray LLP possesses extensive experience in securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors, as reflected by the firm's résumé attached to the Linkh Declaration as Exhibit D. Thus, the Court may be assured that, by granting the Motion, the class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Lindsay Byron Smith respectfully requests that the Court grant his Motion and enter an Order (1) consolidating the Related Actions; (2) appointing Smith as

7

Lead Plaintiff; (3) approving his selection of Glancy Prongay & Murray LLP as Lead Counsel

for the class; and (4) granting such other relief as the Court may deem just and proper.

Respectfully submitted,

DATED: October 15, 2024               **GLANCY PRONGAY & MURRAY LLP**

By:   */s/ Gregory B. Linkh*
Gregory B. Linkh (GL-0477)
230 Park Ave., Suite 358
New York, NY 10169
Telephone: (212) 682-5340
Facsimile: (212) 884-0988
glinkh@glancylaw.com

Robert V. Prongay
Charles H. Linehan
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lindsay Byron Smith and Proposed*
*Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

8

**PROOF OF SERVICE**

I, the undersigned say:

I am not a party to the above case and am over eighteen years old.

On October 15, 2024, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Eastern District of New York, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 15, 2024, at New York, New York.

*/s/ Gregory B. Linkh*
Gregory B. Linkh