**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BLAKE BAXTER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PDD HOLDINGS INC. F/K/A PINDUODUO INC., LEI CHEN, JING MA, and JUN LIU, <br><br><br> Defendants. | No. 24-cv-05653-PKC-CLP <br><br> Judge Pamela K. Chen <br><br> <u>CLASS ACTION</u> <br><br> <u>ORAL ARGUMENT REQUESTED</u> |

**BOSTON RETIREMENT SYSTEM'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS UNOPPOSED MOTION FOR APPOINTMENT AS LEAD <u>PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

Proposed Lead Plaintiff Boston[1] respectfully submits this Memorandum of Law in further support of its unopposed Motion for appointment as Lead Plaintiff, and approval of selection of Labaton as Lead Counsel, and in opposition to all other movants.

## PRELIMINARY STATEMENT

Congress enacted the PSLRA to vest control of securities class actions with sophisticated institutional investors.  To that end, Congress directed courts to appoint as Lead Plaintiff the movant with the largest financial interest in the litigation, with the expectation that investor would be a sophisticated institutional investor with the financial incentive and resources to maximize the recovery for the class.  The appointment of Boston, the unopposed, presumptive Lead Plaintiff will fulfill Congress' goal of encouraging sophisticated institutions to serve as Lead Plaintiff.  Indeed, Boston is the paradigmatic Lead Plaintiff envisioned by Congress: an experienced institution with a dedicated staff, competent and qualified to select and supervise Lead Counsel, control the litigation, and reduce agency costs.  *See* H.R. Conf. Rep. No. 104-369, at 34, (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that increasing the role of institutional investors in securities class actions will benefit shareholders and assist courts by improving the quality of representation).  In this case, Boston incurred approximately *$143,263* in losses on its investments in PDD securities, an amount significantly greater than the losses claimed by any other movant. *See* ECF Nos. 12, 17, 19, and 21.  Further Boston purchased more PDD securities on a net basis, and expended greater net funds than any other Lead Plaintiff movant.  *See* ECF Nos. 12-4, 18-3, 19-4, and 21-3.  Thus, Boston possesses the largest financial interest in the litigation.

---

[1]    All definitions and abbreviations used herein remain unchanged from Boston's initial moving papers, unless otherwise indicated.  *See* ECF No. 12.  All citations and internal quotations are omitted, and all emphasis is added, unless noted.

Boston also satisfies the typicality and adequacy requirements of Rule 23. Boston is typical of the Class because it transacted in PDD securities and was harmed once the artificial inflation was removed from the price of the securities. Boston is likewise adequate as it lacks any antagonism towards absent Class members, and has selected Labaton, a nationally recognized securities class action firm, as proposed Lead Counsel for the Class. *Hom v. Vale, S.A.*, 2016 WL 880201, at *6 (S.D.N.Y. Mar. 7, 2016) (finding adequacy requirement satisfied where movant selected counsel "qualified to serve as lead counsel and conduct the litigation"). In addition, Boston submitted a sworn Certification affirming its willingness to be Lead Plaintiff and its desire and commitment to oversee the prosecution and zealously represent the interests of the Class. *See* ECF No. 12-3.

Therefore, in accordance with the PSLRA, Boston is entitled to a strong presumption that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Further, no movant has, or will be able to, submit the requisite "proof" to rebut this presumption. *Id.* § 78u-4(a)(3)(B)(iii)(II); *see also Cohen v. Luckin Coffee Inc.*, 2020 WL 3127808, at *7 (S.D.N.Y. June 12, 2020) (requiring "proof that the presumptive lead plaintiff is subject to unique defenses"); *In re Cavanaugh*, 306 F.3d 726, 729 n.2 (9th Cir. 2002) (noting that the fact that the presumption is "rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption may be rebutted only upon proof"). As a result, the PSLRA's "sequential" review process dictates that the Court's inquiry begins and ends with Boston. *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 535 (S.D.N.Y. 2015) ("Once the court 'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'").

2

## ARGUMENT

### I.      BOSTON SHOULD BE APPOINTED AS LEAD PLAINTIFF

Boston respectfully submits that it is the presumptively "most adequate plaintiff" because it has complied with the PSLRA procedural requirements, holds the largest financial interest of any qualified movant, and otherwise satisfies Rule 23's typicality and adequacy requirements. *See Rosi v. Alcaris Therapeutics, Inc.*, 2019 WL 5778445, at \*2-4 (S.D.N.Y. Nov. 6, 2019) (appointing movant with largest financial interest who also made *prima facie* showing of typicality and adequacy).

#### A.      Boston Has the Largest Financial Interest in the Relief Sought by the Class

Boston has, without a doubt, the largest financial interest in the relief sought by the Class. Courts in this Circuit have held that a movant's loss is the most important factor in determining whether the movant has the largest financial interest in the litigation. *See Woburn Ret. Sys. v. Salix Pharms. Ltd.*, 2015 WL 1311073, at \*4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss."). As demonstrated by the following chart, Boston suffered the largest loss among the movants:

3

| MOVANT[2] | SECURITY | LIFO LOSS[3] |
|---|---|---|
| Boston | Common Stock | ($143,263) |
| | | |
| ~~Hu Fan~~ | ~~Common stock & Options~~ | ~~($127,737)~~ |
| | | |
| ~~Jared Shaw~~ | ~~Options~~ | ~~($87,378)~~ |
| | | |
| ~~Lindsay Byron Smith~~ | ~~Common Stock~~ | ~~($16,429)~~ |

Boston also has the largest financial interest based on additional factors courts consider in assessing financial interest.  Specifically, Boston purchased more PDD securities in total, purchased more PDD securities on a net basis, and expended greater net funds than any of the competing movants.  *See Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011) (using these factors to determine which potential lead plaintiff has the largest financial interest).  As such, there can be no credible dispute that Boston has "the largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**B.      Boston Satisfies the Requirements of Rule 23**

In addition to suffering the largest loss, Boston also satisfies the PSLRA's preliminary showing of typicality and adequacy.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.").  Indeed, "a wide ranging analysis under

---

[2]      Other movants are shown crossed out because each has filed a notice that they do not oppose the competing motions for appointment or have withdrawn their motions.  ECF Nos. 22-24.

[3]      Loss figures taken from each respective movant's initial motion and reflect their claimed losses.  *See* ECF Nos. 12-4, 18-3, 19-4, and 21-3.

Rule 23 is not appropriate [at this initial stage of litigation] and should be left for consideration of a motion for class certification." *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 252 (S.D.N.Y. 2003) (alteration in original). Here, Boston unquestionably satisfies both requirements.

### 1. Boston Is Typical

Boston is typical to the Class as a whole and not subject to any potentially disqualifying unique defenses. *See* ECF No. 12, at 8. "With respect to typicality, courts consider whether the claims of the proposed lead plaintiff 'arise from the same conduct from which the other class members' claims and injuries arise.'" *Plaut* v. *Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *3 (S.D.N.Y. Sept. 19, 2019) (quoting *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)). Additionally, Rule 23 does not require the lead plaintiff to be identically situated with all class members to satisfy the typicality requirement. *See Id.* at *3 (noting that "claims need not be identical").

As applied, Boston's claims are typical to the Class as a whole. Boston: (i) suffered losses on its investments in PDD securities; (ii) as a result of its reliance on Defendants' alleged misstatements and/or omissions; (iii) therefore, the claims of Boston are based on the same course of events as the claims of the Class; and (iv) as a result thereof, Boston's claims will rely upon the same legal theories as the Class as a whole. Therefore, Boston satisfies the typicality requirement. *See Tan v. NIO Inc.*, 2020 WL 1031489, at *5 (E.D.N.Y. Mar. 3, 2020) (noting that movant's "claims appear to be typical because, like all members of the class, he alleges that he purchased [company] stock during the class period and suffered losses after it was discovered that [company's] misleading statements artificially inflated the stock price during that period.").

5

### 2.    Boston Is Adequate

Boston also satisfies Rule 23's adequacy requirement.  *See* ECF No. 12, at 9-10.  In analyzing a movant's adequacy, "a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question."  *Salinger v. Sarepta Therapeutics, Inc.*, 2019 WL 6873807, at *3 (S.D.N.Y. Dec. 17, 2019).

Here, "given [its] significant losses," Boston is strongly motivated to vigorously act as an advocate and fiduciary on behalf of the Class and is well equipped to oversee counsel in this regard. *NIO*, 2020 WL 1031489, at *5.  Indeed, Boston has entered into a competitive retainer agreement with its choice of counsel in order to best protect the interests of the Class.  *See In re Cendant*, 264 F.3d 201, 265–66 (3d Cir. 2001) ("[O]ne of the best ways for a court to ensure that [the proposed lead plaintiff] will fairly and adequately represent the interests of the class is to inquire whether the movant has demonstrated a willingness and ability to . . . negotiate a reasonable retainer agreement with . . . counsel"); *see also City of Warren Police & Fire Ret. Sys. v. World Wrestling Entm't Inc.*, 2020 WL 2614703, at *3 (S.D.N.Y. May 22, 2020) (rejecting lead plaintiff applicant upon evidence he failed to negotiate a retainer agreement).  Finally, Boston has further demonstrated its adequacy through the selection of Labaton, a firm with decades of experience successfully litigating securities class actions, as its proposed Lead Counsel for the Class.  *See* ECF No. 12-4; *see also Moshell v. Sasol Ltd.*, 2020 WL 2115410, at *2 (S.D.N.Y. May 4, 2020) (finding adequacy requirement satisfied where movant selected "firm experienced in securities class action litigation").

Further, Boston is a sophisticated institutional investor committed to achieving the best possible result for the Class and possesses the experience, resources, and capability necessary to oversee this complex litigation and its counsel. *See* ECF No. 12, at 10-11. Boston, which oversees approximately $7 billion in assets, is the paradigmatic Lead Plaintiff envisioned by Congress. *See* H.R. Conf. Rep. No. 103-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. at 733 (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving quality of representation in securities class actions"); *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs"). In fact, courts have frequently appointed Boston over individual lead plaintiff movants, even in cases where an individual claims a larger loss. *See Lemm v. New York Community Bancorp, Inc.,* 2024 WL 2022213, at *7 (E.D.N.Y. May 7, 2024) ("[W]hile [individual movant] is the presumptive lead plaintiff due to its higher losses, the Court takes note of a countervailing Congressional preference for institutional investors like Boston Retirement.")*; Shapiro v. TG Therapeutics, Inc.*, 2022 WL 16555585, at *6 (S.D.N.Y. Oct. 31, 2022) (finding that Boston was better suited to represent the class' interests than an individual investor with larger losses).

Based on the foregoing, Boston, as the movant with the largest financial interest who also satisfies the typicality and adequacy requirements of Rule 23, is entitled to appointment as Lead Plaintiff.

**C.      The Presumption That Boston Should Be Appointed Lead Plaintiff Cannot Be Rebutted**

To overcome the presumption entitling Boston to appointment as Lead Plaintiff, the PSLRA requires the remaining Lead Plaintiff movants to present "proof" that it is inadequate to

serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption").  As no other movant has, or will be able to, submit the required "proof" that Boston fails on typicality or adequacy grounds, Boston is entitled to appointment as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (evidentiary burden required to rebut presumption of most adequate plaintiff is "proof"); *see also Macquarie Infrastructure Corp.*, 2019 WL 364570, at *7 (rejecting speculative arguments against presumptive lead plaintiff).

## II.    ALL OTHER MOTIONS SHOULD BE DENIED

As the unrebutted presumptive PSLRA Lead Plaintiff in this case, the plain language of the statute mandates Boston's appointment and the denial of all the other motions.  *See* 15 U.S.C. § 78u-4(a)(3)(B); *see also Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d at 536 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status . . . .") (quoting *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)).  Further, each of the other movants has filed a notice that they do not oppose the competing motions for appointment or have withdrawn their motions.  ECF Nos. 22-24.  Therefore, Boston is the unopposed, unrebutted, presumptive Lead Plaintiff and should be appointed.

**CONCLUSION**

For the foregoing reasons, Boston respectfully requests the Court grant its Motion and enter an Order: (1) appointing Boston as Lead Plaintiff; (2) approving Boston's selection of Labaton as Lead Counsel for the Class; and (3) granting such other relief as the Court may deem just and proper.

DATED: November 11, 2024

Respectfully submitted,

*/s/ Francis P. McConville*
**LABATON KELLER SUCHAROW LLP**
Eric J. Belfi
Francis P. McConville
Connor C. Boehme
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ebelfi@labaton.com
fmcconville@labaton.com
cboehme@labaton.com

*Counsel for Proposed Lead Plaintiff Boston Retirement System and Proposed Lead Counsel for the Class*